[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The parties were married on February 20, 1988 at Farmersberg, Indiana. This is a second marriage for both. The wife's maiden name was Halt. The plaintiff has resided in the CT Page 3088 state of Connecticut for at least one year prior to the date of the complaint. There are no minor children issue of the marriage and no other children have been born to the wife since the date of the marriage. Neither of the parties is now or ever has been on welfare from the State of Connecticut. Although the complaint asks for a legal separation, the parties agreed that a dissolution of marriage should be ordered.
The wife is 45 years old and the husband is 46 years old. The husband is in good health. The wife is in good health except that she sees a counselor to help her with her eating disorder and with adjustment to the marital problems.
The wife is a kindergarten teacher and earns approximately $17,300 per year gross. When she left her teaching job in Indiana she was making approximately $25,000 gross.
The husband has been employed at Pfizer Incorporated since 1977 in the pharmaceutical marketing division of the company. He earns a salary of $89,900 gross. The parties jointly own the premises located at 11 Phillips Place, Glenbrook, Connecticut. The husband and his former wife owned that property previously. The parties purchased her one-half interest in 1989. The wife contributed to the purchase of the premises from the former wife, $60,000 plus $1,747 in closing costs. The total purchase included $5,848.17 of credits owed the husband by the former wife and approximately $14,151.83 of funds which the parties borrowed. The house value at the time the house was purchased in 1989 was $345,000.
The property is presently listed for sale. Offers have been in the range of $280,000 — $320,000. It appears that if the house were to sell for $340,000 there would be approximately $139,000 of net proceeds less capital gains taxes. It is estimated that federal and state capital gains taxes would be at least approximately $35,000. When the property was purchased from the former spouse, it was agreed that it was transferred so that the former spouse did not pay any capital gains taxes.
The court finds neither of the parties responsible for the causes of the breakdown. During the time the parties were married, they spent only a short period of time actually together in residence. It appears to be in the area of 28 months. This helped to erode the relationship. The wife claims physical and verbal abuse caused the breakdown of the marriage. Another strain on the CT Page 3089 marriage as perceived by this court was the wife's eating disorder. In July of 1991, she was in inpatient therapy in Boca Raton for the eating disorder. The wife was eating uncontrollably before she entered the facility and she chose food over verbal expression. She admitted the husband was supportive of her attempt to solve her eating disorder problems. During and after her therapy she lost 95 pounds. During the time the parties were married they sought counseling and the counseling led the wife to conclude that her marriage had broken down irretrievably. The court finds that there were incidents of physical abuse by the husband on the wife. After counseling the incidents decreased.
The court finds that the marriage has broken down irretrievably without allocating fault to either of the parties.
Both of the parties participated financially during the course of the marriage in the expenses of the home. The wife paid a substantial majority of the grocery bills and other items of the house and her own personal items. During the course of the marriage the wife saved no money, but the husband was saving through his Pfizer Plans. During the course of the marriage the husband did a substantial amount of traveling. He was away 40% to 50% of the time as his job called for traveling. The wife has a masters degree with no pension and no insurance and no benefits in her current job.
The court has taken into consideration all of the statutory criteria under 46b-81, the assignment of property and transfer of title statute; 46b-82, the alimony statute and 46b-62, the attorney's fee statute in making these orders. In addition, the court has taken into consideration the testimony of the parties and the witnesses. In addition, the court has taken into consideration the parties financial affidavits, pleadings in the case, including but not limited to the parties claims for relief. In addition, the court has listened to the arguments of counsel as the case progressed. Accordingly, the court makes the following orders:
1. That the marriage is dissolved on the grounds of irretrievable breakdown.
2. That the wife shall have exclusive possession of the marital home at 11 Phillips Place, Glenbrook, Connecticut.
3. That the marital home shall continue to be listed for sale at the price of $349,000. If the property is not sold in 30 days CT Page 3090 from the date of this decision, it shall be reduced to $330,000.
4. The wife shall receive from the proceeds of sale, $61,747 or 50% of the net proceeds, whichever is greater. Net proceeds shall mean the gross sales price less the then remaining principal balance on the first mortgage, less real estate brokerage commission if any, less state and local conveyance taxes if any, less attorney's fees for the sale and less other necessary and reasonable closing expenses as is the custom in the town where the property is located.
That prior to the closing the wife shall quit claim her interest in the marital home to the husband. He shall indemnify and hold her harmless against any capital gains taxes arising out of the sale or transfer of the property. It is clear to this court that the value at the time the wife purchased the premises was $345,000. Therefore, her one-half interest would not have increased during the time of ownership. It is only fair and equitable that she not have to pay capital gains taxes on the sale of these premises for an amount less than her interest when it was purchased.
5. That until the closing of the sale of the marital home, the husband shall be responsible for and pay and indemnify and hold the wife harmless against the cost of the mortgage, real estate taxes, sewer taxes if applicable and homeowner's insurance. This court retains jurisdiction on all aspects of the house sale until the sale takes place.
6. All repairs needed to be done to the house while the wife is in occupancy exceeding $250 is to be paid by the husband but reimbursed to him out of the closing proceeds before the net proceeds are divided. Any repair under $250 shall be the sole and exclusive responsibility of the wife.
7. The court issues a Qualified Domestic Relations Order (QDRO) assigning to the wife $64,000 from the husband's Pfizer Savings and Investment Plan. The wife's attorney is to prepare a savings and investment plan (QDRO) for the court's signature. The court retains jurisdiction.
8. The court issues a Qualified Domestic Relations Order (QDRO) assigning to the wife 20% of the husband's accrued benefit in the Pfizer Retirement Annuity Plan as of February 10, 1993. The court retains jurisdiction. The wife's attorney is to prepare a CT Page 3091 retirement/annuity plan (QDRO) for the court's signature.
9. The court reserves jurisdiction to amend the QDRO's if the Plan Administrator does not accept either QDRO, or if either QDRO is held not to be a qualified domestic relations order within the meaning of Internal Revenue Code 414(P).
10. All of the house contents located at 11 Phillips Place shall be the exclusive property of the wife.
11. That except as provided herein, the husband shall retain all other assets shown on his financial affidavit free from any claim of the wife.
12. That except as provided herein, the wife shall retain all other assets shown on her financial affidavit free from any claim of the husband.
13. That each shall be responsible for, pay and indemnify and hold the other harmless from all liabilities shown on his or her financial affidavits.
14. That the husband shall name the wife as beneficiary of a life insurance policy on the husband's life having a net benefit in the event of his death of $100,000 until his obligation to pay alimony to the wife terminates.
15. That the husband shall cooperate with the wife to enable her to obtain continuation coverage at her own cost under the existing Pfizer Incorporated Medical Insurance Plan (known as COBRA benefits).
16. That the husband shall indemnify and save the wife harmless from any liabilities for taxes, assessments, penalties or interest which may result from any joint or federal, state or local; income tax return signed or to be signed by the husband and wife as it relates to his income and deductions. The wife shall be responsible for any of the above concerning her income or deductions.
17. The wife is to retain all of her interest in the 100 shares of Powered Equipment Repair Incorporated.
18. The wife is to retain all church bonds she may have or own or have received from her father or mother. CT Page 3092
19. The husband is to retain the computer and cassette player purchased during the marriage and furniture items currently in his possession.
20. The responsible party shall in all respects, indemnify the other party against, and hold the other harmless from, any deficiency assessment or tax lien arising out of any point return hereinbefore or hereinafter filed by the parties, as well as any damages and expenses whatsoever in connection therewith.
21. The court awards the wife periodic alimony in the sum of $1,500 per month payable on the first of each month commencing April 1, 1993. Said alimony shall be paid until the wife dies, the wife remarries, the wife cohabits under the statute, the husband dies, or July of 1996 whichever comes first. The court has awarded time limited alimony since the court finds that the wife has indicated an intention to remain in this area until June of 1996 when her daughter graduates from high school. This time limited alimony will facilitate that. The court does find that she has substantial earning capacity above what she is presently earning. Which earning capacity can be enhanced at that time by relocation to her home state prior to this marriage or elsewhere. This award will also provide her an incentive to use diligence in procuring a better job then she has presently. In addition, the alimony is awarded for rehabilitative purposes.
22. Because of the asset division made by this court above, neither of the parties are awarded attorney's fees.
23. All other claims for relief not expressly addressed herein have been rejected.
KARAZIN, J.